E-FILED
Thursday, 02 February, 2017  01:52:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ARISTIDES ESCOBAR,            )
                              )
         Plaintiff,           )
                              )
   v.                         )     16-CV-4229
                              )
ILL. DEP'T OF HUMAN SRVCS., *et al.*   )
                              )
         Defendants.          )

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them."  *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Circ. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2).  Accordingly, this court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

Plaintiff's complaint is written entirely in Spanish.  The Court hired an interpreter for the hearing held on January 31, 2017 to assist Plaintiff in explaining his claims and the relief he sought in his lawsuit.  Through the interpreter, Plaintiff stated that he is an undocumented person and not a citizen of the United States.  Therefore, Plaintiff asserts, the State of Illinois has no jurisdiction to detain him under the Illinois Sexually Violent Persons Commitment Act, 725 Ill. Comp. Stat. § 207/1 *et seq.*  Plaintiff stated that he has raised this issue in Cook County, Illinois, where his underlying

commitment proceedings were held.  He was apparently unsuccessful, and he stated he has not yet appealed that decision.

Plaintiff appears to be challenging the basis for his underlying civil commitment, and, if successful, Plaintiff would presumably be granted his immediate release from custody.  Accordingly, Plaintiff's exclusive remedy is through a writ of habeas corpus and not under 42 U.S.C. § 1983.  *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).

The Court cannot simply convert the claim into a habeas corpus action, because doing so may cause unintended adverse consequences for Plaintiff.  Habeas corpus actions come with their own specific requirements and procedures.  For example, exhaustion of state remedies is typically required before a federal habeas action may be filed, and prisoners are generally limited to seeking habeas corpus only once.  See 28 U.S.C. § 2254(b)(1)(A); Rules Governing § 2254 Cases, Rule 9.  This claim will therefore be dismissed without prejudice.  The Court states no opinion on the merits of a possible habeas claim.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Petition to Proceed *in forma pauperis* [4] is denied.  Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Any amendment to the Complaint would be futile.  This case is therefore terminated.  All pending motions are denied as moot.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

3) **Plaintiff's Motion [7] is denied as moot.**

Entered this 2nd day of February, 2017.

/s/ Harold A. Baker
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE